THOMAS P. O'BRIEN
United States Attorney
ROBB C. ADKINS
Assistant United States Attorney
Chief, Santa Ana Branch Office
TERRI K. FLYNN (CA SBN 204932)
Assistant United States Attorneys
    United States Courthouse
    411 West Fourth Street, Suite 8000
    Santa Ana, California  92701
    Telephone: (714) 338-3500
    Facsimile: (714) 338-3561
    Email: Terri.K.Flynn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | SA CR No.  08-223-AG |
| ) | |
| Plaintiff, ) | STIPULATION REGARDING REQUEST FOR |
| ) | (1) CONTINUANCE OF TRIAL DATE AND |
| v. ) | (2) FINDINGS OF EXCLUDABLE TIME |
| ) | PERIODS PURSUANT TO SPEEDY TRIAL |
| JERRY FANYUAN LIN, ) | ACT |
| JASON I. MING WEI, ) | |
| JOSE G. GARIBAY, ) | CURRENT TRIAL DATE: |
|     a.k.a. "Guero," ) |    November 25, 2008 |
| FAUSTO VILLA PEREZ, ) | PROPOSED TRIAL DATE: |
| HONG YEE CHOW, ) |    June 19, 2009 |
|     a.k.a. "Annie," ) | |
| NATHANAEL GARRARD ) | CURRENT STATUS CONFERENCE: |
| LINEHAM, ) |    November 17, 2008 at 2:00 p.m. |
|     a.k.a. "Nat," ) | PROPOSED STATUS CONFERENCE |
| MICHELLE ENCK, ) |    June 8, 2009 at 2:00 p.m. |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorney TERRI K. FLYNN, and defendant JERRY FANYUAN LIN, by and through his counsel of record, ALEXANDER KESSEL, defendant JASON I. MING WEI,

by and through his counsel of record, MICHAEL SEVERO, defendant JOSE G. GARIBAY, by and through his counsel of record, PETER SCALISI, defendant FAUSTO VILLA PEREZ, by and through his counsel of record, DIANE BASS, defendant HONG YEE CHOW, by and through her counsel of record, C. THOMAS McDONALD, defendant NATHANAEL LINEHAM, by and through his counsel of record, H. DEAN STEWARD, defendant MICHELLE ENCK, by and through her counsel of record, KATHERINE CORRIGAN, hereby stipulate as follows:

  1. The Indictment in this case was August 27, 2008. Defendant WEI first appeared before a judicial officer of the court in which the charges in this case were pending on September 29, 2008. The remainder of the defendants appeared before a judicial officer of the court in which the charges in this case were pending on September 30, 2008. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 8, 2008.

  2. On October 6, 2008, the Court set a trial date of November 25, 2008 and a status conference date of November 17, 2008 at 2:00 p.m.

  3. Defendants LIN, WEI, GARIBAY, LINEHAM and ENCK are detained pending trial. Defendants PEREZ and CHOW are released on bond pending trial. The parties estimate that the trial in this matter will last approximately 20 days. All defendants are joined for trial and a severance has not been granted. Additionally, there are approximately eight outstanding defendants that have not been arrested and that are fugitives.

4.  By this stipulation, the parties jointly move to continue the trial date to June 19, 2009 and the status conference to June 8, 2009 at 2:00 p.m.  This is the first request for a continuance.

5.  The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a.  All defendants are charged with a violation of 21 U.S.C. § 846: conspiracy to distribute narcotics.  The government has produced discovery to the defense, including nine CD's and almost 5,000 pages of discovery.  This discovery includes thousands of intercepted calls obtained pursuant to a wiretap of several of the defendants' telephones.  The majority of the intercepted calls are in foreign languages, including Mandarin Chinese.

   b. Due to the nature of the prosecution, the number of defendants, including the charges in the indictment and the voluminous discovery produced to defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

   c. Additionally, on November 7, 2008, defendant LINEHAM's current counsel substituted in as counsel of record.  Defense counsel for several of the other defendants are also scheduled to be in trials in April and May of 2009.  Accordingly,

their counsel represent that they will not have the time that they believe necessary to prepare for a trial based on wiretap calls before June of 2009.

      d. In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

      f. The government does not object to the continuance.

      g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of November 25, 2008 to June 19, 2009, inclusive, should be excluded pursuant to 18 U.S.C.

§§ 3161(h)(7)(A), (h)(7)(B)(i) and (7)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other

///
///
///

provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

THOMAS P. O'BRIEN
United States Attorney

ROBB C. ADKINS
Assistant United States Attorney
Chief, Santa Ana Branch Office

_____    /s/
DATE                         TERRI K. FLYNN
                             Assistant United States Attorney

                             Attorneys for Plaintiff
                             United States of America

I am JERRY FANYUAN LIN's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 19, 2009 is an informed and voluntary one.

11-10-08                     [signature]
DATE                         ALEXANDER KESSEL
                             Attorney for Defendant
                             JERRY FANYUAN LIN

1  I am JASON I. MING WEI's attorney. I have carefully
2  discussed every part of this stipulation and the continuance of
3  the trial date with my client. I have fully informed my client
4  of his Speedy Trial rights. To my knowledge, my client
5  understands those rights and agrees to waive them. I believe
6  that my client's decision to give up the right to be brought to
7  trial earlier than June 19, 2009 is an informed and voluntary
8  one.

10 11/12/08
11 DATE            MICHAEL SEVERO
                   Attorney for Defendant
12                 JASON I. MING WEI

(signed "for Michael Severo by permission")

14  I am JOSE G. GARIBAY's attorney. I have carefully discussed
15 every part of this stipulation and the continuance of the trial
16 date with my client. I have fully informed my client of his
17 Speedy Trial rights. To my knowledge, my client understands
18 those rights and agrees to waive them. I believe that my
19 client's decision to give up the right to be brought to trial
20 earlier than June 19, 2009 is an informed and voluntary one.

22 11/11/08
   DATE            PETER SCALISI
23                 Attorney for Defendant
                   JOSE G. GARIBAY

1  I am FAUSTO VILLA PEREZ's attorney. I have carefully
2  discussed every part of this stipulation and the continuance of
3  the trial date with my client. I have fully informed my client
4  of his Speedy Trial rights. To my knowledge, my client
5  understands those rights and agrees to waive them. I believe
6  that my client's decision to give up the right to be brought to
7  trial earlier than June 19, 2009 is an informed and voluntary
8  one.

 9
10  ___11/10/08___                    _____/s/ Diane Bass_____
    DATE                              DIANE BASS
11                                    Attorney for Defendant
                                      FAUSTO VILLA PEREZ
12
13
14  I am HONG YEE CHOW's attorney. I have carefully discussed
15  every part of this stipulation and the continuance of the trial
16  date with my client. I have fully informed my client of her
17  Speedy Trial rights. To my knowledge, my client understands
18  those rights and agrees to waive them. I believe that my
19  client's decision to give up the right to be brought to trial
20  earlier than June 19, 2009 is an informed and voluntary one.
21
22  _____            _____
    DATE                              C. THOMAS McDONALD
23                                    Attorney for Defendant
                                      HONG YEE CHOW
24
25
26
27
28

```
 1      I am FAUSTO VILLA PEREZ's attorney. I have carefully
 2 discussed every part of this stipulation and the continuance of
 3 the trial date with my client. I have fully informed my client
 4 of his Speedy Trial rights. To my knowledge, my client
 5 understands those rights and agrees to waive them. I believe
 6 that my client's decision to give up the right to be brought to
 7 trial earlier than June 19, 2009 is an informed and voluntary
 8 one.
 9
10  _____        _____
    DATE                          DIANE BASS
11                                Attorney for Defendant
                                  FAUSTO VILLA PEREZ
12
13
14      I am HONG YEE CHOW's attorney. I have carefully discussed
15 every part of this stipulation and the continuance of the trial
16 date with my client. I have fully informed my client of her
17 Speedy Trial rights. To my knowledge, my client understands
18 those rights and agrees to waive them. I believe that my
19 client's decision to give up the right to be brought to trial
20 earlier than June 19, 2009 is an informed and voluntary one.
21
22  11-10-08                      [signature]
    DATE                          C. THOMAS McDONALD
23                                Attorney for Defendant
                                  HONG YEE CHOW
24
25
26
27
28
```

1  I am NATHANAEL GARRARD LINEHAM's attorney. I have carefully
2  discussed every part of this stipulation and the continuance of
3  the trial date with my client. I have fully informed my client
4  of his Speedy Trial rights. To my knowledge, my client
5  understands those rights and agrees to waive them. I believe
6  that my client's decision to give up the right to be brought to
7  trial earlier than June 19, 2009 is an informed and voluntary
8  one.

9
10  11-11-08
    DATE                          H. DEAN STEWARD
11                                Attorney for Defendant
12                                NATHANAEL GARRARD LINEHAM

13

14  I am MICHELLE ENCK's attorney. I have carefully discussed
15  every part of this stipulation and the continuance of the trial
16  date with my client. I have fully informed my client of her
17  Speedy Trial rights. To my knowledge, my client understands
18  those rights and agrees to waive them. I believe that my
19  client's decision to give up the right to be brought to trial
20  earlier than June 19, 2009 is an informed and voluntary one.
21
22  _____              _____
    DATE                          KATHERINE CORRIGAN
23                                Attorney for Defendant
24                                MICHELLE ENCK
25
26
27
28

1  I am NATHANAEL GARRARD LINEHAM's attorney. I have carefully
2  discussed every part of this stipulation and the continuance of
3  the trial date with my client. I have fully informed my client
4  of his Speedy Trial rights. To my knowledge, my client
5  understands those rights and agrees to waive them. I believe
6  that my client's decision to give up the right to be brought to
7  trial earlier than June 19, 2009 is an informed and voluntary
8  one.

10  _____    _____
    DATE                          H. DEAN STEWARD
11                                Attorney for Defendant
                                  NATHANAEL GARRARD LINEHAM

14  I am MICHELLE ENCK's attorney. I have carefully discussed
15  every part of this stipulation and the continuance of the trial
16  date with my client. I have fully informed my client of her
17  Speedy Trial rights. To my knowledge, my client understands
18  those rights and agrees to waive them. I believe that my
19  client's decision to give up the right to be brought to trial
20  earlier than June 19, 2009 is an informed and voluntary one.

22  __11/12/08_____    ___[signature]_____
    DATE                            KATHERINE CORRIGAN
23                                  Attorney for Defendant
                                    MICHELLE ENCK