ROBISON D. HARLEY, JR.  SBN: 68984
Attorney at Law
825 N. Ross Street
Santa Ana California 92701
Tele:  (714) 972-8141
Facsimile:  (714) 972-8107
e-mail:  rob.harley@sbcglobal.net

Attorney for Defendant
JAGMOHAN S. DHILLON

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> JAGMOHAN S. DHILLON, <br> Defendant. | CASE NO: SA CR 08-00223-AG <br><br> DEFENDANT'S CORRECTED SENTENCING POSITION; POINTS AND AUTHORITIES IN SUPPORT THEREOF; EXHIBITS A, B-1, B-2; B-3, B-4, B-5, C, and D <br><br> Sentencing Date: 22 August 2011 <br> Time: 1:30 p.m. <br> Judge: Guilford |

Pursuant to Rule 32 of the Federal Rules of Criminal Procedure the defendant, Jagmohan S. Dhillon, by and through his counsel of record, Robison D. Harley Jr. hereby submits his sentencing position.

Dated: August 8, 2011          Respectfully submitted


/S/ Robison D. Harley Jr.
Robison D. Harley
Attorney for the Defendant
JAGMOHAN S. DHILLON

DEFENDANT'S CORRECTED
SENTENCING POSITION

## 1. INTRODUCTION

The parties entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(B). On March 3, 2011, Mr. Dhillon pled guilty to count I of the Indictment alleging that he conspired to distribute and possessed with intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846.

## 2. THE PRESENTENCE REPORT CONTAINS SEVERAL FACTUAL ERRORS

Pursuant to Section 6A1.2 of the Sentencing Commission Guidelines, and Rule 32(e) of Fed. R. Crim. P., Mr. Dhillon was provided with a copy of the pre sentencing report ("PSR"). The defendant has the following factual objections or corrections to the pre sentence report.

  a. The defendant was never arrested by the Modesto Police Department, never charged with selling liquor to a minor and never convicted of any charges in Stanislaus County Superior Court as alleged in ¶ 44 of the PSR.

  b. The defendant was never arrested by the Royal Canadian Mounted Police, was never charged with any crime and was never convicted of any crime in Canada as alleged in ¶ 45 of the PSR. The defendant did not immigrate from India to Canada until November 3, 1997.

  c. The defendant was never arrested by Modesto Police Department, never charged with selling liquor to a minor, and never convicted of any charges in Stanislaus County Superior Court as alleged in ¶ 46 of the PSR.

  d. The defendant was never arrested by the Royal Canadian Mounted Police, was never charged with any crime and was never convicted of any crime in Canada as alleged in ¶ 53 of the PSR. The defendant did not immigrate from India to Canada until November 3, 1997.

  e. The defendant does not have any Alien Registration Number ("ARN")

and has never resided legally in the United States as alleged in ¶ 55 of the PSR.

  f. The defendant does not have a social security number of 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, does not have abn alien registration number of A89853 548, does not have a California drivers license number B3574651 and does not have a CII # A10543009 as alleged on page 2 of the PSR. The defendant has never had any California drivers license nor has he ever had an alien registration number.

## 3. OFFENSE LEVEL AND CRIMINAL HISTORY

The defendant agrees with the probation officers calculation of a total offense level of 24 with a criminal history category of one puts defendant in a guideline sentencing range of 51 to 63 months. The defense also agrees with the sentence recommendation of the probation officer and the AUSA to the low-end of the guideline range of 51 months.

## 4. A DOWNWARD VARIANCE IS WARRANTED BASED ON THE DEFENDANTS POST-OFFENSE REHABILITATION

### AUTHORITIES

The Ninth Circuit has expressly held, along with other circuits, that post-sentencing rehabilitative efforts are a proper basis for downward departure from the Sentencing Guidelines upon re-sentencing. *United States v. Green,* 152 F.3d 1202, 1206-08 (9th Cir. 1998). A founded prospect of meaningful rehabilitation remains a permissible basis for a variant sentence under the now advisory guidelines. See 18 U.S.C. § 3553(a)(2)(C), *United States v. Martin,* 520 F.3d 87, 93-94 (1st Cir. 2008).

A departure for post offense rehabilitation reflects that, unlike some other defendants, Dhillon has fundamentally changed since his offense, poses a lesser risk to the community and does not require incapacitation for too long. *United States v. Clay,* 483 F.3d 739, 745 (11th Cir. 2007), A district court properly sentences a defendant below the guideline range based on her rehabilitation efforts, as evidenced

by her certificate of achievement while incarcerated, her shame, as reflected by a letter from a fellow inmate and her own letter to the district court, and her good character to which her friends and family attested. She had obtained numerous certificates of achievement by taking nearly every offered class at the Metropolitan Correctional Center. *United States v. Ngala,* 477 F.3d 496, 501-02 (7th Cir. 2007).

Here, Dhillon has shown extraordinary post offense rehabilitation not only by obtaining 45 certificates of participation in jail programs (Exh. B.) but also by receiving ten separate letters of recommendation from jail teachers (Exh. C.), a feat not normally seen by sentencing judges. Accordingly, a downward variance should be awarded based on Dhillon's post offense rehabilitation efforts.

### 5. A DOWNWARD VARIANCE IS WARRANTED BASED ON DEFENDANT'S VOLUNTARY WITHDRAWAL FROM THE CONSPIRACY SHORTLY AFTER HE JOINED

### AUTHORITIES

The defendants voluntary withdrawal is a circumstance that distinguishes his conduct not only from that of all his co defendants but from the vast majority of defendants convicted of conspiracy in federal court. Where a defendant plead guilty to conspiring to distribute a large quantity of the drug ecstacy and to making a profit of $30,000.00 from his conduct, a probation sentence was warranted even when the guideline range was 30-37 months because defendant withdrew from the conspiracy after 7 months, stopped using drugs, went to college, and rehabilitated himself. *Gall v. United States,* 552 U.S. 38 (2007).

Like Gall, defendant plead guilty to conspiring to distribute a large quantity of drugs, but withdrew from the conspiracy within a day of joining and before learning of any investigation. (See Exh. A attached hereto and incorporated by reference herein). After promptly withdrawing from the conspiracy, defendant moved to British Columbia to live with his family and continued his work as a truck driver and a taxi driver to support his family. Unlike Gall, defendant made no $30.000.00 profit, defendant never spent 7 months in the conspiracy, and defendant was duped into

joining the conspiracy, all factors which present a more compelling reason for a downward variance than Gall. Accordingly, another reason for a downward variance exists .

**6. CERTIFICATES, LETTERS OF RECOMMENDATION, DEFENDANT'S STATEMENT OF ALLOCUTION**

    a.    CERTIFICATES FROM SANTA ANA COLLEGE SCHOOL OF CONTINUING EDUCATION

Mr. Dhillon respectfully refers this Court to the High School Equivalency Diploma that he received for the completion and achievement attached within Exhibit B. Also, additional certificates from the Santa Ana College School of Continuing Education are attached within Exhibit B.

1. Certificate of Participation: Effective Communication (30 hrs)
2. Certificate of Progress: For Exceptional Improvement in Competency-Based Learning (General Education Development)
3. Certificate of Perfect Attendance in English as a Second Language Classes (8/3/09 - 8/31/09)
4. Certificate of Completion: Learning Styles Workshop
5. Certificate of Participation: English as a Second Language (50 hrs)
6. Certificate of Perfect Attendance in English as a Second Language Classes (September 2009)
7. Certificate of Participation: English as a Second Language (100 hrs)
8. Certificate of Perfect Attendance in English as a Second Language Classes (October 2009)
9.` Certificate of Participation: English as a Second Language (150 hrs)
10. Certificate of Participation: Attitudes for Success: Substance Abuse Education (12 classes)
11. Certificate of Participation: Instruction in Parenting (30 hrs)
12. Certificate of Participation: Breaking Barriers (39 hrs)

13. Certificate of Participation: English as Second Language (200 hrs)
14. **High School Equivalency Certificate**   (March 4, 2010)
15. Certificate of Participation: Attitudes for Success: Substance Abuse Education (24 classes)
16. Graduate: Attitude for Success: Breaking Barriers (March 15, 2010)
17. Certificate of Participation: English as a Second Language (250 hrs)
18. Certificate of Completion: Instruction in Parenting (30 hrs)
19. Certificate of Participation: Attitudes for Success: Substance Abuse Education (36 classes)
20. Certificate of Participation: English as a Second Language (300 hrs)
21. Certificate of Participation: Breaking Barriers (24 classes)
22. Certificate of Completion: Attitudes for Success: Recovery and Relapse Prevention (10 classes)
23. Certificate of Completion: Computer Applications (Typing 30wpm)
24. Certificate of Completion: Effective Communication (30 hrs)
25. Certificate of Participation: Attitudes for Success: Substance Abuse Education (47 classes)
26. Certificate of Completion: Instruction in Parenting (30 hrs)
27. Certificate of Participation: Love Your Brain Workshop
28. Certificate of Participation: Breaking Barriers (36 classes)
29. Certificate of Completion: Computer Applications (MS Word 2007)
30. Certificate of Completion: Attitudes for Success: Anger Management (12 classes)
31. Certificate of Completion: Computer Applications (MS Excel 2007)
32. Certificate of Completion: Computer Applications (MS PowerPoint 2007)
33. Certificate of Completion: Attitudes for Success: Anger and Stress Management (10 classes)
34. Certificate of Participation: Breaking Barriers (48 classes)

DEFENDANT'S CORRECTED SENTENCING POSITION

35. Certificate of Completion: Computer Applications (MS Publisher 2007)
36. Certificate of Participation: Instruction in Parenting (45 hrs)
37. Certificate of Participation: Attitudes for Success: Substance Abuse Education (72 classes)
38. Graduate of: Framework for Recovery (February 7, 2011)
39. Certificate of Participation: English as a Second Language (150 hrs)
40. Certificate of Participation: English as a Second Language (350 hrs)
41. Certificate of Participation: Breaking Barriers (60 classes)
42. Certificate of Participation: Effective Parenting (16 classes)
43. Certificate of Participation: English as a Second Language (400 hrs)
44. Certificate of Participation: Attitudes for Success: Substance Abuse (84 classes)
45. Certificate of Participation: English as a Second Language (450 hrs)

    b. LETTERS OF RECOMMENDATION

Mr. Dhillon respectfully refers this Court to the letters of recommendation collectively attached as Exhibit C. In summary they include:

1. Letter from his Substance Abuse Class Instructor at Santa Ana College, Luis Martinez (July 22, 2011).
2. Letter from his Music Instructor at Santa Ana Jail, Joe Fierro (June 16, 2011).
3. Letter from his Adult Education Instructor for Completing the GED at Santa Ana College/Jail, Lisa M. Theiss (June 23, 2011).
4. Letter from his Adult Education Instructor for Completing the GED at Santa Ana College/Jail, Jessica M. Menchaca (May 12, 2010)
5. Letter from his E.S.L. Instructor and Attitude for Success/Breaking Barriers Facilitator, Patricia Coyle (June 21, 2011).
6. Letter from his E.S.L. Instructor and Attitude for Success/Breaking Barriers Facilitator, Patricia Coyle (January 26, 2011).

7. Letter from his Parenting/Effective Communication Program Instructor, Frances Kinney (January 26, 2011).

8. Letter from his Computer Applications/Business Skills Instructor at Santa Ana College, Leticia Quiroz (June 21, 2011).

9. Letter from his Computer Applications/Business Skills Instructor at Santa Ana College, Leticia Quiroz (January 26, 2011).

10. Letter from his Music Instructor at Santa Ana Jail, Joe Fierro (May 13, 2010).

c. DEFENDANT'S LETTER OF ALLOCUTION

Mr. Dhillon respectfully refers this Court to his letter of allocution attached as Exhibit D.

## CONCLUSION

In arriving at a reasonable sentence as instructed by *United States v. Booker*, 543 U.S. 220 (2005), the Court must take into consideration the United States Sentencing Guidelines, the policies of the Sentencing Reform Act of 1984, 18 U.S.C. § 3553(a) and the specific facts of the case. Considering the totality of the circumstances, a reasonable sentence would be the result of a downward variance in order to achieve a 4-level downward adjustment to a total offense level of 20 with a guideline sentencing range of 33-41 months with a sentence of imprisonment at the low end of the relevant guideline range. A sentence of 20 months imprisonment would be "a sentence sufficient but not greater than necessary, to comply with" the purposes of federal sentencing § 3553(a).

Dated: August 8, 2011

Respectfully submitted,

/S/ Robison D. Harley Jr.
Robison D. Harley
Attorney for the Defendant
**JAGMOHAN S. DHILLON**

# PROOF OF SERVICE

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 825 North Ross, Santa Ana, CA 92701.

On the **8th of August 2011**, I caused a true copy of the following document(s) to be served in this action upon the person(s) set forth below, by the method(s) indicated:

| | |
|---|---|
| DOCUMENT(S): | DEFENDANT'S CORRECTED SENTENCING POSITION; POINTS AND AUTHORITIES IN SUPPORT THEREOF; EXHIBITS A, B-1, B-2, B-3, B-4, B-5, C and D; |
| PARTY(IES) SERVED: | SEE ATTACHED SERVICE LIST |

( XX )   (BY PERSONAL SERVICE) I caused such **DEFENDANT'S CORRECTED SENTENCING POSITION; POINTS AND AUTHORITIES IN SUPPORT THEREOF; EXHIBITS A, B-1, B-2, B-3, B-4, B-5, C and D;** to be electronically filed with the Office of the Clerk on 8 August 2011.

(  )   **(BY MAIL)**, I am "readily familiar" with the firm's practice of collection and processing correspondence. Under that practice, it would be deposited with the U.S. Mail service on that same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business

(  )   **(BY FEDERAL EXPRESS)** by using express mail service and causing to be delivered overnight next day delivery a true copy thereof to the person(s) at the address set forth above.

( )(BY FACSIMILE) I caused such document(s) to be transmitted to the addressee(s) facsimile number (213) 894-1634. The facsimile machine I used complied with Rule 2003 (3) and the transmission was complete without error. (AUSA - FAX (714) 338-3708.

(  )   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( XX )   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on 8th August 2011, at Santa Ana, California .


/S/ Daniel B. Watkins
**Daniel B. Watkins**

## SERVICE LIST

| | |
|---|---|
| Terri Flynn<br>Assistant United States Attorney<br>OFFICE OF THE UNITED STATES ATTORNEY<br>UNITED STATES DISTRICT COURT<br>Ronald Reagan Federal Building<br>411 West Fourth Street<br>Santa Ana, California 92701<br>(714) 338-3592 | e-filed |
| OFFICE OF THE CLERK FOR THE<br>UNITED STATES DISTRICT COURT<br>Ronald Reagan Federal Building<br>411 West Fourth Street<br>Santa Ana, California 92701 | e-filed |