ANDRÉ BIROTTE JR.
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
TERRI K. FLYNN (Cal. Bar No. 204932)
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3592
     Facsimile: (714) 338-3561
     E-mail:   Terri.K.Flynn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. SA CR 08-223-AG |
| Plaintiff, | GOVERNMENT'S POSITION REGARDING SENTENCING |
| v. | |
| JAGMOHAN S. DHILLON, | Date: August 22, 2011<br>Time: 1:30 p.m. |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, Terri K. Flynn, having received and reviewed the Pre-Sentence Report for JAGMOHAN S. DHILLON hereby submits the government's response.

Dated: August 9, 2011            Respectfully submitted,

                                 ANDRÉ BIROTTE JR.
                                 United States Attorney

                                 DENNISE D. WILLETT
                                 Assistant United States Attorney
                                 Chief, Santa Ana Branch Office
                                           /s/
                                 _____
                                 TERRI K. FLYNN
                                 Assistant United States Attorney
                                 Attorneys for Plaintiff
                                 United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

A.   GOVERNMENT'S RESPONSE TO PSR

On March 3, 2011, defendant JAGMOHAN S. DHILLON ("defendant") pleaded guilty to count one of the indictment which charged him with conspiracy to distribute cocaine, in violation of Title 21, United States Code, Section 841(a). (Pre-Sentence Report ("PSR") ¶¶ 1-2).

The Probation Office has determined that, pursuant to the United States Sentencing Guidelines ("Guidelines"), defendant's offense level is 26. (PSR ¶¶ 30-40). The Probation Office has further determined that defendant's criminal history category is I. (PSR ¶¶ 42-50). Thus, the corresponding sentencing range is 63-78 months imprisonment, but defendant pleaded guilty to an offense carrying a mandatory minimum of 120 months. The government had not decided at the time of the preparation of the PSR whether defendant qualified for the safety valve provision. The Probation Office found that if defendant qualified, the revised offense level would be 24 and the range would be 51 to 63 months. (Probation Letter at p. 3.) The Probation Office recommends a sentence of 51 months imprisonment.

The government concurs with the Probation Office's recommended Guidelines calculations and sentence. Defendant has met the last prong of the safety valve provision under Section 5C1.2. Thus, as the Probation Office determined, defendant's resulting offense level is 24 with a range of 51 to 63 months. The government believes 51 months is the appropriate sentence.

B.  <u>GOVERNMENT'S POSITION WITH RESPECT TO DEFENDANT'S OBJECTIONS TO THE PSR</u>

Defendant makes several objections to the PSR. (Defendant's Sentencing Position at 2-3.) Some of the objections are to references to prior arrests and some of the objections pertain to personal identifiers of the defendant. The defendant asks for these items to either be corrected or removed from the PSR. The government does not believe that these factual issues are necessary to the determination of an appropriate sentence. Therefore, the government believes that the Court can correct and remove from the PSR the material to which defendant objects without further investigation.

C.  <u>GOVERNMENT'S POSITION WITH RESPECT TO AN APPROPRIATE SENTENCE</u>

Defendant argues that an appropriate sentence is a 20 month sentence because defendant has made post-offense rehabilitation efforts and because defendant voluntarily withdrew from the conspiracy. The government believes that a sentence of 51 months adequately takes into account these two factors and is appropriate under all of the Title 18, United States Code, Section 3553(a) factors.

Defendant was engaged in a serious narcotics conspiracy. Defendant admitted that he conspired with co-defendant Jason Wei to distribute cocaine and that he transported approximately forty-five kilograms of cocaine from the Los Angeles area with the intent to deliver them to Canada. (Plea Agreement at p. 10-11.) Defendant offloaded the cocaine before entering Canada, but was nevertheless involved in driving the cocaine across the

United States.  While defendant's involvement in the conspiracy was shortlived, his conduct is serious and deserving of a sentence of incarceration under Section 3553(a).  Defendant was given a minor role reduction for his conduct which reduced his Guidelines sentence five-levels.  This reduction takes into account his limited role in the conspiracy and that he voluntarily withdrew.

Defendant relies on Gall v. United States, 558 U.S. 38 (2007) to argue that a lower sentence is warranted.  The defendant in Gall, however, was involved in a much less serious conspiracy - a conspiracy to distribute ecstasy within a college town, not an international cocaine conspiracy.  The defendant in Gall was also very young (college aged) and obtained his college degree after overcoming his ecstasy addiction.  Here, defendant is 38 years old (approximately 34 years old at the time of the offense) and not addicted to narcotics.  Defendant, instead, saw a quick way to make money exploiting his truck driving business. He is not similarly situated as the defendant in Gall.  That said, defendant's efforts at rehabilitation and his withdrawal from the conspiracy are commendable.  These efforts, however, are adequately taken into account by a sentence of 51 months which is reasonable.

D. GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that defendant be:

(1) sentenced to 51 months imprisonment;

(2) placed on supervised release for five years under the terms and conditions recommended by the Probation Office in the PSR; and

1     (3)  ordered to  pay a $100 special assessment.