1  ANDRÉ BIROTTE JR.
   United States Attorney
2  DENNISE D. WILLETT
   Assistant United States Attorney
3  Chief, Santa Ana Branch Office
   TERRI K. FLYNN (204932)
4  Assistant United States Attorney
   Deputy Chief, Santa Ana Branch Office
5       Ronald Reagan Federal Building
        411 West Fourth Street, Suite 8000
6       Santa Ana, California
        Telephone: (714) 338-3592
7       Facsimile: (714) 338-3561
        Email: Terri.K.Flynn@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10
                    UNITED STATES DISTRICT COURT
11
                FOR THE CENTRAL DISTRICT OF CALIFORNIA
12

13  UNITED STATES OF AMERICA,      ) SA CR 08-223-AG
                                   )
14               Plaintiff,        ) PLEA AGREEMENT FOR DEFENDANT
                                   ) JOSE G. GARIBAY
15          v.                     )
                                   )
16  JOSE G. GARIBAY,               )
                                   )
17               Defendant.        )
                                   )
18                                 )
                                   )
19  ─────────────────────────────── )

20
        1.   This constitutes the plea agreement between JOSE G.
21
    GARIBAY ("defendant") and the United States Attorney's Office for
22
    the Central District of California ("the USAO") in the above-
23
    captioned case.  This agreement is limited to the USAO and cannot
24
    bind any other federal, state or local prosecuting,
25
    administrative or regulatory authorities.
26
                                  PLEA
27
        2.   Defendant agrees to plead guilty to counts one and six
28
    of the indictment in United States v. Lin, et al., SA CR 08-223.

## NATURE OF THE OFFENSES

3.   In order for defendant to be guilty of count one, which charges a violation of Title 21, United States Code, Section 846, the following must be true: (1) there was an agreement between two or more persons to distribute narcotics; and (2) the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.  In order for defendant to be guilty of count six, which charges a violation of Title 21, United States Code, Section 841(a)(1), the following must be true: (1) the defendant knowingly possessed methamphetamine or some other prohibited drug; and (2) the defendant possessed methamphetamine, or some other prohibited drug, with the intent to deliver it to another person.  Defendant admits that defendant is, in fact, guilty of these offenses as described in counts one and six of the indictment.

4.   Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant possessed with the intent to distribute at least 50 grams of methamphetamine.  Defendant admits that defendant, in fact, possessed with the intent to distribute at least 50 grams of methamphetamine, specifically at least 145 grams of methamphetamine, as described in counts one and six of the indictment.

## PENALTIES

5.   The statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Section

2

846, is: life imprisonment; a lifetime period of supervised release; a fine of $4,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.00.  The statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Section 841(a)(1), is: life imprisonment; a lifetime period of supervised release; a fine of $4,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.00.

6.    Therefore, the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a fine of $8,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $200.00.

7.    The statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 841(a)(1) and 846, is 10 years imprisonment, followed by five years supervised release.

8.    Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.    Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

10.    Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.    Under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act and will not be eligible for federal food stamp program benefits; furthermore, any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

<u>FACTUAL BASIS</u>

12.    Defendant and the USAO agree and stipulate to the statement of facts provided below.  This statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 16 below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning in early 2006 and continuing to August 27, 2008,

4

defendant GARIBAY distributed and knowingly and intentionally conspired with co-defendant Jerry Fanyuan Lin, Erik Damien Vicente, and others to distribute more than 50 grams of methamphetamine, specifically 145 grams of pure methamphetamine.

<u>February 2007 Distribution of Methamphetamine</u>

On or about February 8, 2007, co-defendant Vicente and defendant GARIBAY had several recorded telephone conversations regarding defendant GARIBAY supplying co-defendant Vicente with a half pound of methamphetamine which co-defendant Vicente intended to sell to co-defendant Lin. Subsequent to these conversations, defendant GARIBAY provided co-defendant VICENTE with half a pound of methamphetamine, specifically 145 grams of pure methamphetamine.

Later that evening, co-defendant Lin met with an undercover agent (UC) in Orange County, California in order for co-defendant Lin to provide the UC with a half pound of methamphetamine. Co-defendant Lin informed the UC that they would have to travel to Los Angeles County to meet with the supplier of the methamphetamine. Co-defendant Lin and the UC then met in San Gabriel, California and the UC provided co-defendant Lin with $4,200 in cash to purchase the methamphetamine. Defendant Lin gave to the money to a runner who in turn met with co-defendant Vicente to obtain the methamphetamine. Co-defendant Vicente provided the runner with the 145 grams of pure methamphetamine he had received from defendant GARIBAY. The runner provided the methamphetamine to co-defendant Lin who then gave it to the UC. The UC gave co-defendant Lin an additional $3,000 to pay for it. Law enforcement tested the methamphetamine and laboratory tests

confirm that it was 145 grams of pure methamphetamine.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

13. By pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been

filed or could be filed.

WAIVER OF DNA TESTING

14. Defendant has been advised that the government has in its possession the following items of physical evidence that could be subjected to DNA testing: methamphetamine seized in February 2007. Defendant understands that the government does not intend to conduct DNA testing of any of these items. Defendant understands that, before entering a guilty pleas pursuant to this agreement, defendant could request DNA testing of evidence in this case. Defendant further understands that, with respect to the offenses to which defendant is pleading guilty pursuant to this agreement, defendant would have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600. Knowing and understanding defendant's right to request DNA testing, defendant voluntarily gives up that right with respect to both the specific items listed above and any other items of evidence there may be in this case that might be amenable to DNA testing. Defendant understands and acknowledges that by giving up this right, defendant is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type. Defendant further understands and acknowledges that by giving up this right, defendant will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offenses to which defendant is

1   pleading guilty.

2                    <u>SENTENCING FACTORS</u>

3        15.  Defendant understands that the Court is required to

4   consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),

5   including the kinds of sentence and sentencing range established

6   under the United States Sentencing Guidelines ("U.S.S.G." or

7   "Sentencing Guidelines"), in determining defendant's sentence.

8   Defendant further understands that the Sentencing Guidelines are

9   advisory only, and that after considering the Sentencing

10  Guidelines and the other § 3553(a) factors, the Court may be free

11  to exercise its discretion to impose any reasonable sentence up

12  to the maximum set by statute for the crimes of conviction.

13       16.  Defendant and the USAO agree and stipulate to the

14  following applicable Sentencing Guidelines factors:

15       Base Offense Level  :    <u>  32  </u>    [U.S.S.G. § <u>2D1.1</u>]

16  Subject to paragraph 20 below, defendant and the USAO agree not

17  to seek, argue, or suggest in any way, either orally or in

18  writing, that any other specific offense characteristics,

19  adjustments, or departures relating to the offense level be

20  imposed.  Defendant agrees, however, that if, after signing this

21  agreement but prior to sentencing, defendant were to commit an

22  act, or the USAO were to discover a previously undiscovered act

23  committed by defendant prior to signing this agreement, which

24  act, in the judgment of the USAO, constituted obstruction of

25  justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be

26  free to seek the enhancement set forth in that section.

27  Defendant also understands that defendant's base offense level

28  could be increased if defendant is a career offender under

                                8

U.S.S.G. §§ 4B1.1 and 4B1.2.  In the event that defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above.

17.  The parties agree that:

a)  Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offenses charges in counts one and eight;

b)  The offenses charged in counts one and six did not result in death or serious bodily injury to any person; and

c)  Defendant was not an organizer, leader, manager, or supervisor of others in the offenses charged in counts one and eight and was not engaged in a continuing criminal enterprise.

18.  There is no agreement as to defendant's criminal history or criminal history category.

19.  Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

20.  The stipulations in this agreement do not bind either the United States Probation Office or the Court.  Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 16 are

consistent with the facts of this case.

## DEFENDANT'S OBLIGATIONS

21.  Defendant agrees that he will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

22.  If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, to recommend a two-level

10

reduction in the applicable sentencing guideline offense level,
pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,
move for an additional one-level reduction if available under
that section.

c) To recommend that defendant be sentenced to a term
of imprisonment at the low end of the applicable Sentencing
Guidelines imprisonment range provided that the total offense
level as calculated by the Court is 29 or higher and provided
that the Court does not depart downward in offense level or
criminal history category.  If the low end of the range is below
the statutory mandatory minimum sentence that the court must
impose, the government will recommend the mandatory minimum
sentence.  For purposes of this agreement, the low end of the
Sentencing Guidelines imprisonment range is that defined by the
Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to
reductions in the term of imprisonment that may be permissible
through the substitution of community confinement or home
detention as a result of the total offense level falling within
Zone B or Zone C of the Sentencing Table.

<u>BREACH OF AGREEMENT</u>

23.  If defendant, at any time after the execution of this
agreement, knowingly violates or fails to perform any of
defendant's agreements or obligations under this agreement ("a
breach"), the USAO may declare this agreement breached.  If the
USAO declares this agreement breached at any time following its
execution, and the Court finds such a breach to have occurred,
then: (a) if defendant has previously entered guilty pleas,
defendant will not be able to withdraw the guilty pleas, and (b)

the USAO will be relieved of all of its obligations under this agreement.

## LIMITED MUTUAL WAIVER OF APPEAL

24.  Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory minimum and maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 29 (or the mandatory minimum sentence), and the applicable criminal history category as determined by the Court.  Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the Court's determination of defendant's criminal history category and the conditions of supervised release imposed by the Court, with the exception of the following: conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

25.  The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory minimum and maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 29, and the applicable criminal history category as determined by the Court.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

26.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court

to resentence defendant on any remaining count of conviction,
with both the USAO and defendant being released from any
stipulations regarding sentencing contained in this agreement,
(b) ask the Court to void the entire plea agreement and vacate
defendant's guilty plea on any remaining count of conviction,
with both the USAO and defendant being released from all of their
obligations under this agreement, or (c) leave defendant's
remaining conviction, sentence, and plea agreement intact.
Defendant agrees that the choice among these three options rests
in the exclusive discretion of the USAO.

## COURT NOT A PARTY

27.  The Court is not a party to this agreement and need not
accept any of the USAO's sentencing recommendations or the
parties' stipulations.  Even if the Court ignores any sentencing
recommendation, finds facts or reaches conclusions different from
any stipulation, and/or imposes any sentence up to the maximum
established by statute, defendant cannot, for that reason,
withdraw defendant's guilty pleas, and defendant will remain
bound to fulfill all defendant's obligations under this
agreement.  No one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise
regarding the sentence defendant will receive, except that it
will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

28.  Except as set forth herein, there are no promises,
understandings or agreements between the USAO and defendant or
defendant's counsel.  Nor may any additional agreement,
understanding or condition be entered into unless in a writing

1   signed by all parties or on the record in court.

2   　　　　PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

3   　　　29.　　The parties agree and stipulate that this Agreement

4   will be considered part of the record of defendant's guilty plea

5   hearing as if the entire Agreement had been read into the record

6   of the proceeding.

7   　　　This agreement is effective upon signature by defendant and

8   an Assistant United States Attorney.

9   AGREED AND ACCEPTED

10  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
    ANDRÉ BIROTTE JR.
12  United States Attorney

13

14  _____          _8/24/11_____
    TERRI K. FLYNN                       Date
15  Assistant United States Attorney

16

17  _____          _8/23/11_____
    JOSE G. GARIBAY                      Date
18  Defendant

19

20  _____          _August 23, 2011_____
    DANIEL McCURRIE                      Date
21  Attorney for Defendant
    JOSE G. GARIBAY
22

23

24

25

26

27

28

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had
enough time to review and consider this agreement, and I have
carefully and thoroughly discussed every part of it with my
attorney.  I understand the terms of this agreement, and I
voluntarily agree to those terms.  I have discussed the evidence
with my attorney, and my attorney has advised me of my rights, of
possible pretrial motions that might be filed, of possible
defenses that might be asserted either prior to or at trial, of
the sentencing factors set forth in 18 U.S.C. § 3553(a), of
relevant Sentencing Guidelines provisions, and of the
consequences of entering into this agreement.  No promises,
inducements, or representations of any kind have been made to me
other than those contained in this agreement.  No one has
threatened or forced me in any way to enter into this agreement.
I am satisfied with the representation of my attorney in this
matter, and I am pleading guilty because I am guilty of the
charges and wish to take advantage of the promises set forth in
this agreement, and not for any other reason.

JOSE G. GARIBAY                    4/22/11
Defendant                          Date

15

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JOSE G. GARIBAY's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          April 23, 2011
DANIEL MCCURRIE                   Date
Attorney for Defendant
JOSE G. GARIBAY